**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**RONALD D LEONARD,**

    **Plaintiff,**

  v.                                   **Civil Action 2:22-cv-4502
Judge Edmund A. Sargus, Jr.
Magistrate Judge Kimberly A. Jolson**

**AMY MONTGOMERY,**

    **Defendant.**

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff Ronald Leonard brings this action challenging what he believes to be his impending eviction. Reading his pleadings liberally, he says that he is being evicted for exercising his First Amendment rights. His Motion to Proceed *in forma pauperis* (Doc. 1) is **GRANTED**.

The matter is before the Magistrate Judge for screening of the complaint under 28 U.S.C. §1915(e)(2) to identify cognizable claims, and to recommend dismissal of the complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See McGore v. Wrigglesworth,* 114 F.3d 601, 608 (6th Cir. 1997). Applying those standards, the Magistrate Judge **RECOMMENDS** dismissal.

**I.    BACKGROUND**

Plaintiff alleges that on December 21, 2022, Defendant Amy Montgomery, Office Manager of the Hocking Metropolitan Housing Authority ("HMHA"), and a John Doe maintenance worker knocked on his door. He claims they were not wearing required personal protective equipment ("PPE"), including a CDC mask, face shield, or gloves. (Doc. 2 at 3). And, at other times, Plaintiff

says that they were wearing no masks at all. (*Id.*). Plaintiff believes not wearing such PPE violates HMHA pandemic policy. Plaintiff refused entry into his apartment, and he photographed John Doe and Defendant Montgomery—presumably to document these perceived violations. (*Id.* at 2) (alleging that plaintiff "exercised his right to freedom of speech verbally and photographically by use of his cell phone" to capture pictures of Defendant Amy Montgomery and a John Doe).

The next day, December 22, 2022, Plaintiff received a Notice to Leave the Premises. Plaintiff believes this notice and his impending eviction are in retaliation for exercising his First Amendment rights. He filed a Complaint (Doc. 1-1) and an Amended Complaint (Doc. 2). In his pleadings, he brings claims under 42 U.S.C. § 1983, 42 U.S.C. § 3604, and state law.

## II. DISCUSSION

The Undersigned recommends dismissal for multiple reasons.

### A. *Younger* Abstention

At base, Plaintiff wants his eviction stopped, and he wants the federal court to stop it. (Doc. 2 at 6) (asking for a "temporary restraining order and injunction barring state eviction proceedings"). The Court cannot grant the requested relief. A federal court must not interfere with pending state court proceedings involving important state interests unless extraordinary circumstances are present. *See Younger v. Harris*, 401 U.S. 37, 44–45, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971). Said differently, when a person is the target of an ongoing state action involving important state matters, he or she cannot interfere with the pending state action by maintaining a parallel federal suit involving claims that could have been raised in the state case. *Watts v. Burkhart*, 854 F.2d 839, 844–48 (6th Cir. 1988). If the state defendant files such a case, *Younger* abstention requires the federal court to defer to the state proceeding. *Id.*; *see also Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15, 107 S. Ct. 1519, 95 L. Ed. 2d 1 (1987).

Based on these principles, abstention is appropriate where: (1) the state proceedings are ongoing, (2) the state proceedings implicate important state interests, and (3) the state proceedings afford the plaintiff with an adequate opportunity to raise federal questions. *Leveye v. Metro. Pub. Def. Office*, 73 F. App'x 792, 794 (6th Cir. 2003) (citing *Younger*, 401 U.S. at 43–45). Regarding the final factor, a plaintiff bears the burden of demonstrating that state procedural law bars presentation of his claims. *Pennzoil Co.*, 481 U.S. at 14. When a plaintiff has not attempted to present his federal claims in the state court proceedings, the federal court should assume that state procedures will afford an adequate remedy, in the absence of "unambiguous authority to the contrary." *Pennzoil*, 481 U.S. at 15. Notably, abstention is mandated whether the state court proceeding is criminal, quasi-criminal, or civil in nature as long as federal court intervention "unduly interferes with the legitimate activities of the state." *Younger*, 401 U.S. at 44.

Here, to the extent Plaintiff is challenging an ongoing eviction proceeding, all three factors supporting abstention are present.[1] Time and again, courts have held that eviction proceedings pending in a state court implicate important state interests. *See Dudley v. Michalak*, No. 3:08 CV 128, 2008 U.S. Dist. LEXIS 21470, 2008 WL 750554, at *3 (N.D. Ohio Mar. 19, 2008) (applying the *Younger* doctrine and abstaining from an eviction action in Toledo Municipal Court); *see also Baldridge v. Indep. Apartments*, No. 16-2293-JDT-dkv, 2016 U.S. Dist. LEXIS 98092, 2016 WL 11479289, at *6 (W.D. Tenn. July 6, 2016), report and recommendation adopted, 2016 U.S. Dist. LEXIS 97227, 2016 WL 4006122 (W.D. Tenn. July 26, 2016); *Highview Terrace Apartments v. Abulkhair*, No. CV202383MASTJB, 2021 U.S. Dist. LEXIS 41004, 2021 WL 825472, at *2 (D.N.J. Mar. 4, 2021) ("It is well settled that a landlord-plaintiff's eviction claim against a tenant-defendant does not establish a federal claim.") (citing *Arora v. Barretta*, No. 19-18051, 2019 U.S.

---

[1] If an eviction proceeding has not been initiated—and is not going to be initiated—Plaintiff's claims fail because he has no alleged harm.

3

Dist. LEXIS 178134, 2019 WL 5172178, at *1 (D.N.J. Oct. 15, 2019)). There is no suggestion in the pleadings that any purported claim concerning the eviction is barred in the state action. A contrary ruling by this Court would unduly interfere with state court proceedings. So this Court must abstain from hearing Plaintiff's eviction-related complaints, and Plaintiff needs to pursue the matter in state court. On this basis, the Undersigned recommends dismissal of the entire action.

> **B.** **Failure to State a Claim and Frivolity**

Even if this Court could hear Plaintiff's case right now, the Undersigned still would recommend dismissal. Plaintiff purports to bring federal claims under 42 U.S.C. § 1983 and 42 U.S.C. § 3604, as well as claims under state law.

"To establish a claim under § 1983, a plaintiff must show that he was deprived of rights guaranteed under the United States Constitution or federal law by a person acting 'under color of state law.'" *Haines v. Fed. Motor Carrier Safety Admin.*, 814 F.3d 417, 429 (6th Cir. 2016) (quoting *Strickland on Behalf of Strickland v. Shalala*, 123 F.3d 863, 866 (6th Cir. 1997)). Thus, to state a claim under 42 U.S.C. § 1983, Plaintiff must allege two elements: (1) first, that the Defendants acted under color of state law, and (2) a deprivation of rights secured by the United States Constitution or federal statutory law. *Fritz v. Charter Twp. of Cornstock*, 592 F.3d 718, 722 (6th Cir. 2010).

Here, Plaintiff alleges—and his exhibits confirm—the following. On December 21, 2022, Defendant Montgomery, as Office Manager of the Hocking Metropolitan Housing Authority, attempted to inspect Plaintiff's apartment unit because of the forecasted inclement weather. (Doc. 2 at 12). Particularly, Defendant sought to "ensure that the windows were working properly and that they were closed correctly due to the upcoming weather[.]" (*Id.*). Plaintiff refused entry, waited for Defendant to move on to another unit, and then proceeded to say to Defendant

4

Montgomery, "[Y]ou might as well turn around for a picture Amy." (*Id.* at 4). Plaintiff then photographed her as well as John Doe maintenance employee. (*Id.*). The next day, Plaintiff was served with a Notice to Leave the Premises. Under the terms of Plaintiff's lease, management may terminate the lease for "good cause," including, *inter alia*, failure to permit access for routine inspections and maintenance, or for abusive behavior to staff. (Doc. 1-2 at 1). Because Plaintiff refused entry into his unit and "taunted" staff, Plaintiff has been served notice and "asked to leave the premises." (*Id.*).

On these alleged facts, Plaintiff's claim of retaliation for exercising his First Amendment rights is baseless. To assert a free-speech retaliation claim, a plaintiff must plead factual allegations sufficient to establish that "'(1) the plaintiff engaged in constitutionally protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person or ordinary firmness from continuing to engage in that conduct; and (3) the adverse action was motivated at least in part by the plaintiff's protected conduct.'" *Handy-Clay v. City of Memphis,* 695 F.3d 531, 539 (6th Cir. 2012) (quoting *Fritz v. Charter Twp. of Comstock,* 592 F.3d 718, 723 (6th Cir. 2010)). Plaintiff's own pleadings demonstrate that lease termination proceedings began because he refused entry into his unit. And Plaintiff's own allegations support the conclusion that he was disrespectful to staff. Indeed, Plaintiff's photographs show Defendant Montgomery and John Doe simply trying to do their jobs. Plaintiff's allegations, even taken as true, are not enough to support a free-speech retaliation claim. *See, e.g.*, *Walker v. Cty. of Oakland*, No. 12-14865, 2013 U.S. Dist. LEXIS 132499, at *13 (E.D. Mich. Sep. 17, 2013) (dismissing free speech retaliation claim on the pleadings as not "plausible").

Similarly, Plaintiff has pled no facts supporting a claim under 42 U.S.C. § 3604. That title outlaws discrimination in the sale or rental of housing on the basis of "race, color, religion, sex, familial status, or national origin. *Id.*, (a)-(b). Plaintiff has made no such allegations. So dismissal is required. *Holmes v. Lakefront at Westchester, LLC*, No. 21-3791, 2022 U.S. App. LEXIS 17060 (6th Cir. June 21, 2022) (affirming sua sponte dismissal of housing discrimination claim for failing to state a claim for relief).

The same is true for Plaintiff's state-law claims ("breach of lease, slander, false light/invasion of privacy"). (Doc. 2 at 6). None of the claims have been pled with sufficiency. And even if they had been, the Court need not exercise supplemental jurisdiction over them. *See* 28 U.S.C § 1367(c)(3).

### III. CONCLUSION

Plaintiff's application for leave to proceed without payment of fees (Doc. 1) is **GRANTED**. Yet, for the foregoing reasons, the Magistrate Judge **RECOMMENDS DISMISSING** the case**.**

### IV. PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed finding or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a de novo determination of those portions of the Report or specific proposed findings or recommendations to which objection is made. Upon proper objection, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.

Date: January 27, 2023 /s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE